■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PASQUALE BUFFOLINO, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered July 31, 1974, convicting him of possession of gambling records in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review an order of the same court dated May 21, 1974 which denied defendant's motion to suppress certain evidence. Judgment and order reversed, on the law, motion to suppress granted and indictment dismissed. Defendant, seated in the driver's seat of his parked automobile, was observed by police officers on motor patrol reaching his arm into the window of the "passenger side" of a car double-parked next to his. A man was seated in the passenger seat (alongside the driver's seat) of the double-parked car. The officer driving the patrol car, Patrolman Kelly, observed a paper bag in defendant's extended hand. Kelly pulled his patrol car in front of the two parked cars and he and his partner alighted, with guns drawn. Kelly's partner proceeded to the rear of the parked cars as Kelly approached from the front. At this point, defendant threw the paper bag forward and to the ground. Kelly ordered the two men to "freeze" and retrieved the bag. He looked inside the bag and saw brown envelopes in it and placed the two men under arrest. Upon subsequent inspection of the contents of the bag, Kelly discovered policy slips and gambling records. Defendant was physically detained by virtue of the "significant interruption of his liberty of movement as a result of police

action" *(People v Cantor,* 36 NY2d 106, 111) and was thus seized within the meaning of the Fourth Amendment at the point when the police blocked his car and surrounded him with guns drawn. This seizure of defendant was unlawful, because of the absence of any objective evidence indicating probable cause or even "a founded suspicion that criminal activity [was] afoot" *(People v Cantor, supra,* p 114). As a result, the evidence recovered by the police following the arrest of defendant should have been suppressed *(People v Cantor, supra).* Rabin, Acting P. J., Martuscello, Cohalan, Brennan and Shapiro, JJ., concur.